UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20968-CR-ALTMAN/O'SULLIVAN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TALISSA CAESAR,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the United States' Motion for Revocation of Magistrate Judge's Order of Bond (DE# 6, 3/27/19). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order of Reference (DE# 9, 3/29/19). Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that the United States' Motion for Revocation of Magistrate Judge's Order of Bond (DE# 6, 3/27/19) be **DENIED** for the reasons stated herein.

## BACKGROUND

The defendant was charged by indictment in the Southern District of Florida with conspiracy to import 500 grams or more of cocaine in violation of Title 21, United States Code, Section 963 and conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of Title 21, United States Code, Section 846. See Indictment (DE# 3, 12/18/18).

On March 17, 2019, the defendant was arrested in the District of the Virgin

Islands. On March 20, 2019, United States Magistrate Judge George W. Cannon, Jr.

held a detention hearing in the District of the Virgin Islands. See Transcript of Change

of Detention Hearing Before Honorable George W. Cannon, Jr. United States

Magistrate Judge (DE# 14-1, 4/5/19) (hereinafter "Transcript").

      At the pretrial detention hearing, the government sought to detain the defendant

based on risk of flight and danger to the community. Transcript at 28. The defendant

presented testimony from the defendant's friend, the defendant's sister and the

defendant's boyfriend concerning the defendant's character, her strong work ethic, her

role as a single mother to her four children (including an infant whom the defendant is

currently breastfeeding), her status as the family's breadwinner and her willingness to

voluntarily submit to an interview with law enforcement. At the conclusion of the

hearing, the Court set an unsecured bond in the amount of $50,000. Id. at 34. The

Court stated that:

> After . . .  hearing the evidence and the testimony of the witnesses as well
> as the arguments of both counsel, this Court feel[s] that even though
> there is a presumption that that [sic] presumption has been rebutted. I do
> not feel that the defendant is a flight risk or a danger to the community. So
> I will not detain the defendant. I'm going to release the defendant under
> certain conditions.

Id. at 33. Among the conditions set by the Court, was a curfew from 6:00 PM to 6:00

AM. See Order Setting Conditions of Release (DE# 6-2 at 2, 3/27/19).

      On March 27, 2019, the government filed the instant motion. See United States'

Motion for Revocation of Magistrate Judge's Order of Bond (DE# 6, 3/27/19)

(hereinafter "Motion"). The government seeks revocation of the defendant's bond on the

ground that "the Defendant did not present any evidence to rebut the statutory

2

presumption in this case." Id. at 4. The government argues that:

> Despite the fact that all the individuals who testified on the Defendant's
> behalf believe that she is a good mother, that evidence is insufficient to
> overcome the presumption that the Defendant is both a danger to the
> community and a risk of flight. Their testimony does nothing to refute that
> the Defendant engaged in the dangerous business of drug trafficking and
> has no ties to the Southern District of Florida.

Id. at 5.

The defendant filed her response in opposition to the instant motion on April 12,

2019. See Response to "United States' Motion for Revocation of Magistrate Judge's

Order of Bond" (DE# 16, 4/12/19) (hereinafter "Response"). The government filed its

reply on April 18, 2019. See United States' Reply to Defendant's Response to

Government's Motion for Revocation of Magistrate Judge's Order of Bond (DE# 19,

4/18/19).

This matter is ripe for adjudication.

## STANDARD OF REVIEW

Section 3145(a)(1) provides that when a magistrate judge orders the release of a

defendant, "the attorney for the Government may file, with the court having original

jurisdiction over the offense, a motion for revocation of the order or amendment of the

conditions of release." 18 U.S.C. § 3145(a)(1). The district court must conduct a de

novo review of the case.  United States v. Hurtado, 779 F.2d 1467, 1480 (11th Cir.

1985).

In determining whether the defendant should be detained pending trial, the

District Court must consider the facts set forth in 18 U.S.C. § 3142(g). These factors

are: (1) the nature and circumstances of the offense charged; (2) the weight of the

3

evidence against the defendant; (3) the history and characteristics of the defendant and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Id. In the instant case, the defendant has been charged with a narcotics offense for which a maximum sentence of more than ten (10) years is prescribed. Therefore, a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community applies. 18 U.S.C § 3142(e) and (f).

## ANALYSIS

The weight of the evidence against the defendant is substantial. The government has proffered that on March 2, 2018, a confidential source ("CS") boarded a flight from St. Croix, U.S. Virgin Islands to Miami, Florida. During the flight, the CS carried a backpack into the lavatory. A flight attendant found this behavior suspicious and knocked on the lavatory's door. The CS exited the lavatory and the flight attendant discovered a "brick" secreted inside the trash receptacle. The brick later tested positive for cocaine.

The CS was taken into custody. Law enforcement officers discovered a second "brick" which later tested positive for cocaine inside the CS' backpack. In total, the bricks weighed 2.33 kilograms.

The CS told law enforcement that on the day of the flight, the defendant, an airport employee, picked up the CS and drove him/her to the airport. The defendant instructed the CS on where to find the secreted bricks of cocaine inside a lavatory in the aircraft.

4

The defendant admitted to law enforcement that she placed drugs in the airplane on March 2, 2018. See Response at 3.

Although a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant at all future court proceedings and the safety of any other person and the community, 18 U.S.C. §§ 3142(e) and (f), the undersigned finds, for the reasons stated herein, that the defendant has rebutted that presumption as to both risk of flight and danger to the community.

## A.    Danger to the Community

The government argues that the testimony that "that the Defendant is a good mother and a hard working person" is not enough to meet the defendant's burden "to rebut the presumption that the Defendant is a danger to the community because [this testimony] fails to provide assurance that the Defendant will not continue her drug trafficking activities while released on bond." Motion at 5. The government further states that the defendant has previously worked as a drug mule:

> there is substantial evidence showing that the Defendant was involved in drug trafficking since at least 2016. The Defendant confessed that she acted as a mule for the drug trafficking organization on several occasions. In her role as a mule, the Defendant would check a bag on the flight without any drugs in it and, once she landed at her destination, there would be drugs inside the luggage. After retrieving: the bag, she would receive instructions on where to deliver the drugs in Florida. Eventually, the Defendant began using her position as an airport employee, to smuggle narcotics past TSA at the St. Croix airport. She would then go to the airport's bathrooms and transfer the drugs to various drug mules.

Id. at 5-6.[1] The government notes that despite the curfew set by the Court, "the Defendant could still serve as a middleman between the source of the drugs and [the] drug[ ] mules." Id. at 6. In its reply, the government states that "the Defendant herself admitted that just recently a member of the drug trafficking organiz[ation] gave her money in hopes that she would help him/her move drugs for him/her in the future." Reply at 3.

In her Response, the defendant argues that she presented the testimony of three witnesses which established "that [the defendant] is a responsible individual who has no criminal history, no tendency toward violence, and lives a simple, non-threatening life." Response at 4.

The Court finds that the defendant has rebutted the statutory presumption of danger to the community.  The defendant has a limited criminal history which consists of a prior arrest in 2011 for the destruction of property. Although the government has proffered that the defendant used her position as an airport employee to place drugs in an airplane, the defendant no longer works at the airport. Response at 2. The government's position that the defendant would still be able to continue to smuggle drugs because she "knows an entire network of individuals who can smuggle items (and presumably people) in and out of St. Croix," Motion at 7, is mere speculation.

---

[1] The defendant correctly notes that the government did not present any evidence of prior drug trafficking by the defendant to Judge Cannon. Response at 8 n 4. Nonetheless, because the standard of review is de novo, the undersigned will consider the additional information presented by the government in its Motion and Reply.

## B.     Risk of Flight

As to risk of flight, the government argues that Judge Cannon mistakenly looked to the defendant's ties to the Virgin Islands, instead of the defendant's ties to the Southern District of Florida where the charges against the defendant have been brought. Motion at 6 (citing United States v. Rivera, 90 F. Supp.2d 1338, 1343 (S.D. Fla. 2000); United States v. Rodriguez, No. 11-02454-MJ, 2011 WL 1467221 at *2 (S.D. Fla. Apr. 18, 2011); United States v. Alverez-Lopez, No. 2:14-cr-45-FtM-38CM, 2014 WL 2563646 at* 3 (S.D. Fla. 2014)). The government notes that the defendant has no record ties to the Southern District of Florida. Id. at 7.

The government further argues that even if the Court were only to consider the defendant's ties to the Virgin Islands, the defendant is still a flight risk:

> [t]he Defendant's own criminal conduct demonstrates that she has the resources to flee. First, the Defendant has, on several occasions, smuggled drugs into an airport without detection. Although, to the government's understanding, the Defendant no longer works for the airport, her prior position allowed her [to] develop relationships with other airport employees who could help her escape if she desired to flee. Indeed, the details of the drug importation scheme make it clear that the Defendant knows corrupt airport personnel in St. Croix. The Defendant, herself, described that she would check in luggage that did not have any drugs in it and then, when she arrived at her destination, drugs would have been placed in her bags. This demonstrates that the Defendant knows an entire network of individuals who can smuggle items (and presumably people) in and out of St. Croix.

Motion at 7.

In her response, the defendant argues that if the government believed the defendant was a danger to the community or a risk of flight, the government

7

would have arrested the defendant sooner. The defendant notes that "the government knew as early as May of 2018 (and possibly before that) that [the defendant] allegedly used her position as an airport employee to smuggle cocaine past TSA and onto an airplane," yet did not seek the defendant's indictment until December 2018 and did not arrest the defendant until March 2019. Response at 2.

In its reply, the government states that it did not indict the defendant sooner because it needed to corroborate the information provided by the CS and further investigate the case. Reply at 1-2. The government also explains that it did not arrest the defendant sooner, because, at the time of the indictment, "the Defendant was well into her pregnancy" and, out of concern for the health of the defendant's unborn child, the government "believed it would be prudent to wait until [the defendant] delivered the baby." Id. The government maintains that the defendant remains a flight risk because "[t]he Defendant is facing a mandatory-minimum sentence of five years, is unemployed, and still has contacts at the airport and in the drug trafficking organization who could assist her if she desired to flee." Id. at 4.

Based on the record in the instant case, the Court finds that the defendant has rebutted the statutory presumption as to risk of flight. The record shows that the defendant has strong ties to the U.S. Virgin Islands. Although the government cites to three cases in this district for the proposition that the relevant inquiry is the defendant's ties to the community where he or she has

been charged, the undersigned is unaware of any Eleventh Circuit precedent on this point. In the absence of binding precedent, the undersigned is persuaded by the reasoning in United States v. Yuen, which concluded that the Court must consider a defendant's ties to the United States, noting that if the Court were to adopt the government's position, "it would essentially mean that every defendant who was arrested and charged in a district other than the district where he or she lived (a district where they would not have substantial 'community ties') would be a flight risk and subject to pretrial detention." No. 11-MJ-03399, 2011 WL 5025134, at *5 (S.D. Fla. Oct. 21, 2011).

In the instant case, the defendant was born on October 14, 1987 in St. Croix, U.S. Virgin Islands and is a United States citizen. The defendant has been a life-long resident of St. Croix, with the exception of a six-month stay in Houston, Texas. The defendant's sister and four minor children reside in the St. Croix. The undersigned further notes that the defendant voluntarily met with law enforcement officers prior to the unsealing of the indictment and did not attempt to flee. Additionally, the defendant has been on bond since March 20, 2019 and has complied with the conditions set by United States Magistrate Judge Cannon since that time. The defendant has also traveled to the Southern District of Florida and appeared at her initial appearance and arraignment on April 4, 2019. See Minute Order (DE# 13, 4/4/19).

In sum, the defendant has been on pretrial release since March 20, 2019, has continued to meet her bond conditions and has strong ties to the Virgin

Islands.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that the United States' Motion for Revocation of Magistrate Judge's Order of Bond (DE# 6, 3/27/19) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K Altman, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 23 day of April, 2019.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE